Ryan A. Hamilton, Esq.
CA Bar No. 291349
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139 (fax)
ryan@hamlegal.com
*Attorney for the Plaintiff,*
*Richard N. Bell*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>  Plaintiff,<br><br>vs.<br><br>WILMOTT STORAGE SERVICES, LLC; and DOES 1-100 and ROE Corporations I-X inclusive,<br><br>  Defendant. | Case No.: 2:18-cv-07328-CBM-MRW<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Filed Concurrently Herewith: (1) Plaintiff's Local Rule 56-1 Statement of Uncontroverted Facts and Conclusions of Law; (2) Declaration of Plaintiff, Richard N. Bell; and (3) Declaration of Ryan A. Hamilton, Esq.**<br><br>DATE:   April 9, 2019<br>TIME:   10:00 a.m.<br>JUDGE:  Hon. Consuelo B. Marshall<br>CRTRM:  8B |

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on April 9, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, Plaintiff Richard N. Bell will and hereby does move the Court for an order granting summary judgment

to Richard N. Bell and against Defendants on all of Defendants' claims for relief, pursuant to Fed. R. Civ. Proc. 56 and Local Rule 56.

Richard N. Bell brings this motion on the grounds that he is entitled to summary judgment because there is no genuine issue of material fact and he is entitled to judgment as a matter of law on his claim for copyright infringement.

Plaintiff's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Statement of Uncontroverted Facts and Conclusions of Law, and Declarations of Plaintiff, Richard N. Bell and Ryan A. Hamilton, Esq. filed herewith, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 4, 2019.

Dated: March 8, 2019                    HAMILTON LAW

                                                      By: /s/ Ryan A. Hamilton
                                                          Ryan A. Hamilton, Esq.
                                                          CA Bar No. 291349
                                                          *Attorneys for Plaintiff,*
                                                          *Richard N. Bell*

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION..................................................................................................1

II. FACTUAL BACKGROUND..............................................................................1

III. ARGUMENT......................................................................................................5

      A. Summary Judgment Standard..................................................................5

      B. Wilmott Infringed Plaintiff's copyrighted photo......................................5

      C. Wilmott's Infringement is willful……......................................................10

      D. The Court should enjoin Wilmott from displaying the photo……………11

IV. CONCLUSION..................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242, 247-48 (1986)..........................................................................5
Cartoon Network LP v. CSC Holdings, Inc.,
    536 F.3d 121 (2d Cir. 2008)……………………………………………….7
Celotex Corp. v. Catrett,
    477 U.S. 317, 323 (1986)..............................................................................5
Dolman v. Agee,
    157 F.3d 708, 714 (9th 1998)……………………………………………...10
Erickson v. Nebraska Machinery Company,
    2015 WL 4089849 (N.D. Cal. 2015)……………………………………….9
Feist Publ'ns., Inc. v. Rural Tel. Servs., Inc.
    499 U.S. 340, 361 (1991)………………………………………………….5
Gener-Villar v. Adcom Grp., Inc.,
    560 F. Supp. 2d 112, 125 (D.P.R. 2008)…………………………………..6
Island Software & Computer Serv., Inc. v. Microsoft Corp.,
    413 F.3d 257, 263 (2d Cir. 2005)………………………………………….10
Jones v. Blige,
    558 F.3d 485, 491 (6th Cir. 2009)…………………………………………7
Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC,
    No. 13 C 4664, 2014 U.S. Dist. LEXIS 92809, at *12-13 (N.D. Ill. July 8, 2014)……………………………………………………………………….8
Live Face on Web, LLC v. Emerson Cleaners, Inc.,
    66 F. Supp. 3d 551, 555 (D.N.J. 2014)……………………………………7
Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,
    658 F.3d 936, 944 (9th Cir. 2011)………………………………………..10
MAI Systems Corp. v. Peak Computer, Inc.,
    991 F.2d 511, 519 (9th Cir. 1993)…………………………………………7
NLFC, Inc. v. Devcom Mid-America, Inc.,
    45 F.3d 231, 235 (7th Cir. 1995)…………………………………………..7
Perfect 10, Inc. v. Amazon.com, Inc.,
    508 F.3d 1146, 1160 (9th Cir. 2007)……………………………………..8
Philpot v. LM Communs. II of S.C., Inc.,
    Civil Action No. 5:17-CV-173-CHB, 2018 U.S. Dist. LEXIS 113927, at *18-19 (E.D. Ky. July 10, 2018)……………………………………………..6
Playboy Enters., Inc. v. Webbworld Inc.,
    991 F. Supp. 543, 552 (N.D. Tex. 1997)……………………………….9
Polar Bear Prods., Inc. v. Times Corp.,

   384 F.3d 700, 705-7 (9th Cir. 2004)……………………………………..……..10
Pond Guy, Inc. v. Aquascape Designs, Inc.,
   No. 13–13229, 2014 WL 2863871, at *4 (E.D.Mich. Jun. 24, 2014)………..9
Rice v. Fox Broadcasting Co.,
   330 F.3d 1170, 1174 (9th Cir. 2003)……………………………….....…….5
Rivera v. Phillip Morris, Inc.,
   395 F. 3D 1142, 1146 (9th Cir. 2005)……………………………………....5
Robert R. Jones Assocs. V. Nino Homes,
   858 F.2d 274, 276-77 (6th Cir.1988)…………………………………………7
Schiffer Publ'g, Ltd. v. Chronicle Books, LLC,
   No. 03-4962, 2004 U.S. Dist. LEXIS 23052, at *23-24 (E.D. Pa. Nov. 12,
   2004)………………………………………………………………………………6
U.S. v. Liu,
   731 F.3d 982, 988 (9th Cir. 2013)…………………………………….……11

## STATUTES

17 U.S.C. § 106.........................................................................................................7

17 U.S.C. § 501.........................................................................................................7

17 U.S.C. § 502(a)…………………………………………………………………11

17 U.S.C. § 506(a) ..................................................................................................11

17 U.S.C. § 507(b)..................................................................................................10

# MEMORANDUM

## I.  INTRODUCTION

This is a straightforward copyright infringement case. Defendant WILMOTT STORAGE SERVICES, LLC ("WILMOTT") owns and operates a travel website, www.visitusa.com (the "Visit USA" website). Plaintiff is a retired lawyer and professional photographer who has licensed a number of his photographs since 2011. WILMOTT, without Plaintiff's permission or any license to do so, downloaded one of Plaintiff's photos and posted it on WILMOTT's travel site.

Plaintiff discovered WILMOTT's unauthorized use of his photo and notified WILMOTT the same day. Plaintiff requested that WILMOTT compensate him for its unauthorized use of the photo. WILMOTT refused. Plaintiff also requested that WILMOTT stop using his photo. When the parties were unable to resolve their dispute Plaintiff brought the instant case.

Despite multiple requests WILMOTT has continued to display Plaintiff's photo on its travel website. WILMOTT has no legal basis to continue its infringement of Plaintiff's copyrighted work. Nor are there any facts to create a genuine dispute for trial. WILMOTT is liable for its infringement of Plaintiff's copyrighted photo. Consequently, Plaintiff respectfully moves for summary judgment against WILMOTT and requests that WILMOTT be enjoined from further displaying his photo on its website.

## II. FACTUAL BACKGROUND

Plaintiff created the copyrighted work at issue – a photograph showing the Indianapolis skyline with the canal in the foreground (hereafter the "Indianapolis Photo") in March of 2000. He did so by selecting the subject matter and angle of the photograph, as well as the light and condition of the sky at a particular time on a particular day, from a particular vantage point. (**Ex. A**, Declaration of Plaintiff, Richard N. Bell, ["Bell Dec."] at ¶¶ 2-3. The Indianapolis Photo is Plaintiff's original work of authorship that was protected at the moment of creation under

Section 102 of the federal Copyright Act. A copy of the Indianapolis Photo is attached hereto as **Exhibit B**.

Plaintiff first published the Indianapolis Photo in August of 2000 using an online service at webshots.com known as "Webshots." (Bell Dec. ¶5.) In 2011 Plaintiff published the Indianapolis Photo at the domain richbellphotos.com in an online photo gallery he created using a popular service for photographers known as "SmugMug." (Bell Dec. ¶6) As the sales records for Plaintiff's photos show, Plaintiff has sold commercial licenses for a number of his photographic works, including the Indianapolis Photo, since 2011. (**Ex. C**; Bell Dec. ¶7)

On August 4, 2011, Plaintiff registered his copyright in the Indianapolis Photo with the United States Copyright Office, Registration Number VA0001785115. (**Ex. D**; Bell Dec. ¶8)

As WILMOTT has admitted in its Answer, WILMOTT owns the website domain www.visitusa.com. (dkt. #15, ¶ 6). The "Visit USA" website is a travel website that allows users to book flights, rental cars, and make hotel accommodations. The website also contains advertisements.

Plaintiff has never licensed or otherwise permitted WILMOTT to reproduce, distribute, or publish the Indianapolis Photo. (Bell Dec. ¶ 15.) Nevertheless, on or about December 24, 2014, WILMOTT published the Indianapolis Photo on its "Visit USA" website at the URL http://www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg. (**Ex. F**, Index of Images from Internet Archive for www.visitusa.com/images/states/alabama/cities/mobile/).

WILMOTT did so, apparently, for its own commercial use without paying for said use and without obtaining the necessary authorization from Plaintiff. (Bell Dec. ¶12.)

/ / /

/ / /

2

On April 5, 2018, using Google's reverse-image search engine[1] known as "Google Images," Plaintiff discovered WILMOTT's unauthorized use of the Indianapolis Photo. http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg. (**Ex. E**, screen capture of WILMOTT's website displaying the Indianapolis Photo). WILMOTT's website prominently featured the Indianapolis Photo on a page of the web site for Mobile, Alabama. Plaintiff made a copy of the same page showing WILMOTT's display of the Indianapolis Photo. (**Ex. E**; Bell Dec. ¶ 9)

In displaying the Indianapolis Photo, WILMOTT did not disclose the source of the photo nor otherwise give Plaintiff credit. Further, WILMOTT displayed "Copyright © 2014 visit USA. All Rights Reserved." (Bell Dec. ¶ 11.). In doing so, WILMOTT claimed that it owned the copyright for all images used on the website, including the Indianapolis Photo.

To determine when WILMOTT first published the Indianapolis Photo on its website Plaintiff consulted the publicly-available Internet Archive at https://web.archive.org[2]. The Internet Archive enables users to view archived versions of web pages across time, allowing users to see how a website has changed over time. To do this, the Internet Archive uses software programs known as crawlers to store copies of website files at specific web addresses or URLs as they existed at the time of capture.

According to the Internet Archive, WILMOTT had displayed the Indianapolis Photo – referred to on the site as "park_yyy.jpg" – as of December 24, 2014, and has not modified the image since. (**Ex. F**, Index of Images from Internet Archive for www.visitusa.com/images/states/alabama/cities/mobile/). WILMOTT displayed the

---

[1] For an explanation of reverse-image search tools such as Tineye, Google's image search tool, and Wayback Machine, see https://en.wikipedia.org/wiki/Reverse_image_search; https://en.wikipedia.org/wiki/Google_Images; https://en.wikipedia.org/wiki/TinEye;  and https://en.wikipedia.org/wiki/Wayback_Machine.

[2] The Internet Archive is sometimes also referred to as the "Wayback Machine."

3

photo on a page of the site for Mobile, Alabama. The Internet Archive captured the "Visit USA" site's page for Mobile, Alabama, on September 7, 2013 – the nearest archived version of the page prior to December 24, 2014. The archived version of the "Visit USA" page from September 7, 2013, does not display the Indianapolis Photo. (**Ex. I**, Internet Archive capture of from September 7, 2013, of https://www.visitusa.com/alabama/cities/mobile.htm) Consequently, the best available evidence indicates that WILMOTT had displayed the Indianapolis Photo on its website as of December 24, 2014.

After discovering WILMOTT's infringement, Plaintiff notified Wilmott in writing and requested that it pay for its prior unauthorized use of the Indianapolis Photo. (**Ex. G**; Bell Dec. ¶13.) Wilmott refused. (Bell Dec. ¶14.) On August 21, 2018, Plaintiff filed the instant suit for copyright infringement after settlement negotiations proved unsuccessful. (Bell Dec. ¶16, Dkt. 1).

Presently, WILMOTT continues to display the Indianapolis Photo on its website at http://www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg. (**Ex. H**, Screen capture of WILMOTT's website displaying the Indianapolis Photo). Despite being notified multiple times, including in the form of the instant lawsuit, WILMOTT has refused to remove the Indianapolis Photo from its website. On March 4, 2019, counsel for Plaintiff and counsel for Defendant held a telephonic meet-and-confer concerning the instant summary judgment motion. Counsel discussed the merits of each side's position, but were unable to resolve the dispute.

During the March 4, 2019, telephone call, Plaintiff's counsel informed Defendant's counsel that Defendant continued displaying the Indianapolis Photo on the site and requested that it be removed. Defendant's counsel said Defendant would do so only if Plaintiff provided the request in writing. During a further conversation on March 8, 2019, defense counsel indicated Defendant would take down the photo. As of this writing the photo remains on Defendant's website.

To date, WILMOTT continues using the Indianapolis Photo without any legal right to do so and in spite of numerous requests that it stop doing so. (**Ex. H**)

**III. ARGUMENT**

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court the basis for the motion and identifying portions of the pleadings, depositions, interrogatory answers, admissions, or affidavits that demonstrate the absence of a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party meets the initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. *Id.* at 324. "A mere scintilla of evidence supporting the non-moving party's position is insufficient…." *Rivera v. Phillip Morris, Inc.*, 395 F. 3D 1142, 1146 (9th Cir. 2005). The moving party will win unless there is "evidence on which a jury could reasonably find for the non-moving party." *Id.*

### B. Wilmott Infringed Plaintiff's copyrighted photo

To establish a claim for copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Rice v. Fox Broadcasting Co.,* 330 F.3d 1170, 1174 (9th Cir. 2003)(citing *Feist Publ'ns., Inc. v. Rural Tel. Servs., Inc.,* 499 U.S. 340, 361 (1991)). A plaintiff may establish the copying element by showing that the works in question are substantially similar in their protected elements and that the infringing party has access to the copyrighted work. *Id.*

Plaintiff owns the copyright to the Indianapolis Photo. He registered the in the Indianapolis Photo with the United States Copyright Office, Registration Number VA0001785115. (Bell Dec. ¶8, Ex. D.)

The Indianapolis Photo contains the requisite originality for copyright protection. *See*, *e.g.*, *Philpot v. LM Communs. II of S.C., Inc.,* Civil Action No. 5:17-CV-173-CHB, 2018 U.S. Dist. LEXIS 113927, at *18-19 (E.D. Ky. July 10, 2018) ("Plaintiff was the photographer who took the original Nelson photograph …. Thus, he owns a valid copyright in the Nelson photograph."); *Gener-Villar v. Adcom Grp., Inc.*, 560 F. Supp. 2d 112, 125 (D.P.R. 2008) ("Copyright protection begins when a work--in this case, the photographs at issue--assumes tangible form, and vests initially in the author of the work. In this case, plaintiff Gener is unquestionably the author of the works at issue. Gener testified how he and he alone produced the photographs.") *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. 03-4962, 2004 U.S. Dist. LEXIS 23052, at *23-24 (E.D. Pa. Nov. 12, 2004) ("[A]lmost any photograph may claim the necessary originality to support a copyright merely by virtue of the photographer's personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken.")(citations and internal quotation marks omitted).

By downloading and displaying the Indianapolis photo on its website, WILMOTT infringed the copyright of the Indianapolis Photo. Copyright infringement occurs when someone exercises any of the copyright owner's exclusive rights without permission:

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies … of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of … audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of … pictorial … works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; a
> (6) in the case of sound recordings, to perform the

6

copyrighted work publicly by means of a digital audio transmission.³

17 U.S.C. § 106; *see also* 17 U.S.C. § 501 ("Infringement of Copyright").

The "copying of digital information for purposes of copyright infringement liability occurs when the copyrighted work 'is placed in a medium such that it can be perceived, reproduced, etc., from that medium,' and is 'embodied [in the medium] for a period of more than transitory duration.'" *Live Face on Web, LLC v. Emerson Cleaners, Inc.*, 66 F. Supp. 3d 551, 555 (D.N.J. 2014) (quoting Cartoon Network LP v. CSC Holdings, Inc., 536 F.3d 121 (2d Cir. 2008)); *see also NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 235 (7th Cir. 1995) ("Neither party disputes that loading software into a computer constitutes the creation of a copy under the Copyright Act."); *MAI Systems Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 519 (9th Cir. 1993) ("[S]ince we find that the copy created in the RAM can be 'perceived, reproduced, or otherwise communicated,' we hold that the loading of software into the RAM creates a copy under the Copyright Act.").

In the absence of direct evidence of infringement by the defendant, "the copyright holder frequently proves copying by showing that the defendant or the person who composed the defendant's work had access to the copyrighted material and that the defendant's work is substantially similar to the protected work." *Robert R. Jones Assocs. v. Nino Homes,* 858 F.2d 274, 276–77 (6th Cir.1988). If proof of access is lacking, "[a] lesser showing of access (or even no showing at all) will suffice where the works are 'strikingly' similar, strongly suggesting that copying occurred." *Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009).

In this case, as with most copyright cases involving online infringement of photographic works, the copyright owner's exclusive rights to reproduction,

---

³ *Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146 fn.5, (9th Cir.2007)

7

distribution, and public display of the work are at issue. *See, e.g., Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, No. 13 C 4664, 2014 U.S. Dist. LEXIS 92809, at *12-13 (N.D. Ill. July 8, 2014).

The uncontroverted facts here leave no doubt that WILMOTT had access to a copy of the Indianapolis Photo. Moreover, the image on WILMOTT's website is virtually or exactly identical to – and therefore both "substantially similar" and "strikingly similar" to – Plaintiff's copyrighted work. (Bell Dec. ¶¶ 2, 3, 8, 9, Exs. B, E, and H.)

WILMOTT owns the website at issue, http://www.visitusa.com. [4] The evidence shows that on or about December 24, 2014 WILMOTT's website prominently featured a copy of the Indianapolis Photo at http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg (Bell Dec. ¶ 9, 12, 17-19, Ex. E.) Presently, WILMOTT continues to display the Indianapolis Photo on its website at http://www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg. (Ex. H)

WILMOTT infringed Plaintiff's exclusive rights to "reproduce" and "publicly display" the Indianapolis Photo. Further, because the copy of the Indianapolis Photo on WILMOTT's website could be easily printed or downloaded by the website's visitors, WILMOTT also distributed the Indianapolis Photo for purposes of copyright law. *See, e.g.*, *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007) ("A photographic image is a work that is 'fixed in a tangible medium of expression, for purposes of the Copyright Act, when embodied (*i.e*., stored) in a computer's server (or hard disk, or other storage device). The image stored in the computer is the 'copy' of the work for purposes of copyright law.") (emphasis

---

[4] Defendant's Answer Dkt. 15, ¶6. According to publicly available WHOIS records, the http://www.visitusa.com domain, is owned and registered in the name of WILMOTT (Bell Dec. at ¶ 10.)

added); *Playboy Enters., Inc. v. Webbworld Inc.,* 991 F. Supp. 543, 552 (N.D. Tex. 1997) ("The image existed in digital form on Webbworld's servers, which made it available for decoding as an image file by the subscriber's browser software. The subscriber could view the images merely by visiting the Webbworld site. The evidence unequivocally shows that Webbworld electronically reproduced, distributed, and displayed PEI's protected images.").

According to the Internet Archive at https://web.archive.org, WILMOTT had displayed the Indianapolis Photo on its website as of December 24, 2014. Because Plaintiff had previously registered his copyright with the U.S. Copyright Office on August 4, 2011, statutory damages under 17 U.S. Code § 504(c) apply.

Judicial notice of the contents of web pages available through the Internet Archive is appropriate as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under Fed. R. Evid. 201. *See*, *e.g.*, *Pond Guy, Inc. v. Aquascape Designs, Inc.,* No. 13–13229, 2014 WL 2863871, at *4 (E.D.Mich. Jun. 24, 2014); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.,* 2013 WL 6869410 (S.D.N.Y. Dec. 30, 2013); *Erickson v. Nebraska Machinery Company*, 2015 WL 4089849 (N.D. Cal. 2015).

Judicial notice for the contents of WILMOTT's website and its web pages across time is appropriate under Fed. R. Evid. 201. The Internet Archive shows that WILMOTT added the Indianapolis Photo to its website December 24, 2014. http://www.visitusa.com/images/states/alabama/cities/mobile/. (Bell Dec. at ¶ 17, Exhibit F.) The index of images for the "Visit USA" page for Mobile, Alabama indicates that the images were last modified on December 24, 2014. (Bell Dec. at ¶ 19.) On September 7, 2013, the previous capture of Wilmott's website for Mobile, Alabama does not show the Indianapolis Photo. *See* Exhibit I. As of September 7, 2013, this web address did not display the Indianapolis Photo. (Bell Dec. at ¶ 25, Ex. I.) The best evidence indicates that WILMOTT "reproduced," "publicly displayed," and "distributed" the Indianapolis Photo on its website beginning on

December 24, 2014;

Plaintiff's infringement claim is not time-barred. Plaintiff discovered WILMOTT's unauthorized use of the Indianapolis Photo on April 5, 2018. Plaintiff notified WILMOTT the same day of its infringement and sought to resolve the matter. After negotiations reached an impasse, Plaintiff filed suit August 21, 2018.

The Copyright Act provides that copyright claims must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Copyright infringement claims do not accrue until the copyright holder discovers, or with due diligence should have discovered, the infringement. *Polar Bear Prods., Inc. v. Times Corp.*, 384 F.3d 700, 705-7 (9th Cir. 2004). Plaintiffs in copyright infringement actions may recover damages that occurred more than three years before the filing of the suit so long as the plaintiff was not aware of the infringement and that lack of knowledge was reasonable. *Id*. That is the case here.

The Defendant, as of this date, has not removed the copyrighted work at issue from its website. Thus, its infringement continues to present day. Therefore, the Complaint was brought by the Plaintiff well within three years of infringement and is not time barred.

### C. Wilmott's Infringement is willful

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 658 F.3d 936, 944 (9th Cir. 2011); *see also Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Dolman v. Agee,* 157 F.3d 708, 714 (9th 1998)("In the copyright infringement context, 'willful' means acting "with knowledge that [one's] conduct constitutes copyright infringement."

In this case Plaintiff notified WILMOTT on April 7, 2018 – nearly a year ago

– that WILMOTT was infringing the Indianapolis Photo. Instead of removing the Indianapolis Photo, WILMOTT continues to infringe by leaving the Indianapolis Photo on its website. As a matter of law WILMOTT's conduct constitutes willful infringement. *U.S. v. Liu,* 731 F.3d 982, 988 (9th Cir. 2013)("We now explicitly hold that "willfully" as used in 17 U.S.C. § 506(a) connotes a "voluntary, intentional violation of a known legal duty." *Cheek,* 498 U.S. at 201, 111 S.Ct. 604 (internal quotation marks omitted).

### D. The Court should enjoin Wilmott from displaying the photo

As noted above, WILMOTT continues to display the Indianapolis Photo on its website at www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg. (Ex. H) The Court has the authority to enjoin WILMOTT from further display of the Indianapolis Photo under 17 U.S.C. § 502(a). This provision provides, in relevant part, that "[a]ny court having jurisdiction of a civil action under this title may…grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

There is no question that it is reasonable for WILMOTT to remove the Indianapolis Photo from its website. WILMOTT is displaying the photo in violation of Plaintiff's exclusive rights as the copyright holder. The burden for WILMOTT to remove the photo is minimal. Plaintiff has requested removal multiple times, but WILMOTT has refused.

For these reasons the Court should enjoin WILMOTT from displaying the Indianapolis Photo on its website.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

      For the foregoing reasons, Plaintiff requests that the Court issue an Order granting summary judgment in his favor on the issue of liability.

Dated: March 8, 2019

                                            HAMILTON LAW

                                            By: /s/ Ryan A. Hamilton
                                                    Ryan A. Hamilton, Esq.
                                                    CA Bar No. 291349
                                                  *Attorneys for Plaintiff,*
                                                  *Richard N. Bell*

## **PROOF OF SERVICE**

I, Ryan A. Hamilton, Esq., declare:

I am a resident of the state of Nevada and over the age of eighteen years and not a party to the within action. My business address is 5125 S. Durango, Suite C, Las Vegas, NV 89113. On March 8, 2019, I filed the foregoing document via the Court's CM/ECF system which will serve notice to the following:

Paul D. Supnik, Esq.
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
paul@supnik.com
*Attorney for Defendant(s)*

Executed on March 8, 2019, at Las Vegas, Nevada.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Ryan A. Hamilton\_\_\_\_\_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>                      Plaintiff,<br><br>vs.<br><br>WILMOTT STORAGE SERVICES, LLC; and DOES 1-100 and ROE Corporations I-X inclusive,<br><br>                      Defendant. | Case No.: 2:18-cv-07328-CBM-MRW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:    April 9, 2019<br>TIME:    10:00 a.m.<br>JUDGE:  Hon. Consuelo B. Marshall<br>CRTRM:  8B |

      Motion for Summary Judgment was heard on April 9, 2019, in Courtroom 8B of the above-referenced court. The Honorable Judge Consuelo B. Marshall presided.

      Having considered all papers, pleadings and evidence submitted and the oral arguments presented, and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

      1. Plaintiff's Motion for Summary Judgment is GRANTED; and

2. Defendant is enjoined from further infringement of Plaintiff's copyright in the Indianapolis Photo, including displaying the photo on Defendant's website.

3. Judgment shall be entered in favor of Plaintiff.

Dated: _____, 2019

_____
Hon. Consuelo B. Marshall