UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD N. BELL<br><br>    Plaintiff,<br><br>vs.<br><br>WILMOTT STORAGE SERVICES, LLC and IADVANTAGE, LLC.<br><br>    Defendants. | Case No.: CV 18-7328-CBM-MRWx<br><br>**ORDER RE: DEFENDANT WILMOTT STORAGE SERVICES, LLC'S MOTION FOR ATTORNEYS' FEES** |

The matter before the Court is Defendant Wilmott Storage Services, LLC's ("Wilmott's") Motion for Attorneys' Fees (the "Motion"). (Dkt. No. 56.) The matter is fully briefed. (Dkt. Nos. 62, 63.)

### I. BACKGROUND

This lawsuit arises from Wilmott's alleged infringement of Plaintiff's copyrighted photograph of the Indianapolis skyline ("Indianapolis Photograph"). On July 1, 2019, the Court granted Wilmott's motion for summary judgment based on its *de minimis* use defense, and denied Plaintiff's motion for summary judgment as to Wilmott's liability on the ground Wilmott's infringement was not actionable. (Dkt. No. 55 (the "MSJ Order").)[1] On July 30, 2019, Plaintiff filed a

---

[1] The Court granted the stipulation to dismiss Defendant IAdvantage with prejudice. (Dkt. No. 59.)

1

notice of appeal re: the Court's MSJ Order.  (Dkt. No. 60.)

## II. STATEMENT OF LAW

Defendant seeks an award of $74,380 in attorneys' fees and $423 in costs pursuant to § 505 of the Copyright Act, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.[2]

17 U.S.C. § 505.  In "making awards of attorney's fees pursuant to § 505," the court considers several "nonexclusive factors" including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 665-66 (9th Cir. 2018) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  The court should "giv[e] substantial weight to the reasonableness of [the losing party's] litigating position, but also tak[e] into account all other relevant factors." *Id*. at 666 (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1985, 1989 (2016)).

## III. DISCUSSION

**A.    Plaintiff's Request to Defer Ruling or Deny the Motion Without Prejudice Pending the Appeal**

Plaintiff requests that the Court defer ruling on the instant Motion for Attorney's Fees pending resolution of Plaintiff's appeal of the Court's MSJ Order. Alternatively, Plaintiff requests that the Court deny the Motion without prejudice "and establish a new period for filing the motion for attorney's fees on resolution

---

[2] Plaintiff does not dispute Wilmott is a prevailing party in this action.

2

of the appeal."

In the interest of judicial economy, the Court declines to defer ruling on the Motion and declines to dismiss the Motion without prejudice pending resolution of the appeal. *See, e.g., Shame on You Prods., Inc. v. Banks*, 2016 WL 5929245, at *4 (C.D. Cal. Aug. 15, 2016), *aff'd,* 893 F.3d 661 (9th Cir. 2018) (citing *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983)); *Xu v. Yamanaka*, 2014 WL 3840105, at *5 (N.D. Cal. Aug. 1, 2014) (citing *Masalosalo*, 718 F.2d at 957).

**B.     Attorneys' Fees and Costs**

**(1)     Frivolousness and Objective Unreasonableness**

"A district court must give 'substantial weight' to the reasonableness of [the losing party's] litigating position." *Shame On You Prods., Inc.*, 893 F.3d at 667 (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1985, 1989 (2016)). "[T]he mere fact that [a party] lost cannot establish his objective unreasonability" for purposes of determining whether to award attorneys' fees under the Copyright Act. *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013); *see also Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). Moreover, "[a] claim is not frivolous under the Copyright Act merely because it is unsuccessful. Rather, a frivolous claim under the Copyright Act is one that, in either the factual or legal assertions is clearly baseless, involving fantastic or delusional scenarios." *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017). Therefore, the fact that Defendant prevailed on its de minimis defense on summary judgment does not conclusively establish Plaintiff's lawsuit was frivolous or objectively unreasonable.

As Plaintiff notes, in answering the original Complaint, Defendant admitted that Plaintiff's copyrighted photo "appeared at one time on the website" owned by Defendant. (Dkt. No. 15, Answer ¶¶ 1, 14.) In Defendant's answer to the First

Amended Complaint, Defendant also admitted that Plaintiff's copyrighted photograph "appeared at one time on the website or website server" owned by Defendant. (Dkt. No. 36, Answer to FAC ¶ 14.) At the summary judgment stage, however, Defendant argued there is no evidence Plaintiff's copyrighted photograph appeared on a webpage of Defendant's website, and the evidence only shows the photograph "resided on [Defendant's] website server as a dormant '.jpg' file as of December 24, 2014." (MSJ Order at 2-3.) Therefore, Defendant does not demonstrate this case was frivolous or objectively unreasonable at the outset. *Seltzer*, 725 F.3d at 1181 (vacating district court's award of attorneys' fees to the plaintiff under the Copyright Act, reasoning "[t]here is simply no reason to believe that Seltzer should have known from the outset that [his] chances of success in this case were slim to none.").

Moreover, Defendant prevailed on an affirmative defense at summary judgment—summary judgment was not entered against Plaintiff based on a failure to make a prima facie case of copyright infringement.³ *See Mavrix Photographs LLC v. LiveJournal, Inc.*, 2014 WL 12639099, at *1 (C.D. Cal. Nov. 5, 2014) (finding copyright infringement lawsuit was not frivolous or objectively unreasonable in denying the defendant's motion for attorneys' fees where the defendant prevailed on an affirmative defense at summary judgment). Therefore, Defendant fails to demonstrate this case was frivolous or objectively unreasonable simply because Defendant prevailed on its de minimis defense.

Furthermore, the Second Circuit's *Knickerbocker Toy Co. v. Azrak-Hamway Int'l, Inc.,* 668 F.2d 699 (2d Cir. 1982) decision does not demonstrate this case was frivolous or objectively unreasonable. Although the Court analogized the facts of this case to the infringing acts in *Knickerbocker*, Defendant did not cite to any

---

³ Defendant did not dispute at summary judgment that Plaintiff owns the copyright to the photograph at issue, or that the photograph was copied onto its webserver. (MSJ Order at 2, 4.) Therefore, Plaintiff made a prima facie case of copyright infringement.

authority addressing the de minimis defense as to dormant resources filed on a webserver. Defendant therefore fails to demonstrate that case involves "fantastic or delusional scenarios" which rendered Plaintiff's claims "clearly baseless." *Perfect 10*, 2015 WL 1746484, at *8.

Accordingly, the frivolousness and objectively unreasonable factors do not weigh in favor of an award of attorneys' fees in this case.

**(2) Motivation**

Defendant argues Plaintiff's motivation in bringing this lawsuit is inconsistent with the Copyright Act because Defendant did not promote or take any affirmative steps to encourage any infringing activity, and was not even aware of the image. The fact that Defendant was unaware of Plaintiff's copyrighted image does not demonstrate Plaintiff had a bad motive in bringing this lawsuit. Furthermore, as discussed above, Defendant did not dispute on summary judgment that Plaintiff owns the copyrighted photograph and that a copy of the photograph was displayed on its webserver. Therefore, Defendant fails to demonstrate Plaintiff had an improper motive for bringing this action. *See, e.g., Mavrix Photographs LLC*, 2014 WL 12639099, at *1; *Gold Value Int'l Textile, Inc. v. Forever 21, Inc.*, 2018 WL 2328202, at *9 (C.D. Cal. May 22, 2018).

**(3) Considerations of Compensation and Deterrence**

The primary objective of the Copyright Act is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013). Defendant does not demonstrate any special considerations of compensation or deterrence apply here. Therefore, awarding Defendant attorneys' fees in this case would not serve the purposes of the Copyright Act, particularly where it is undisputed Plaintiff owned the copyrighted photograph that was displayed on Defendant's webserver. *See, e.g., Gold Value Int'l Textile, Inc. v. Forever 21, Inc.*, 2018 WL 2328202, at *9; *Mestre v. Vivendi Universal US Holding Co.*, 2005 WL

8165973, at *3 (D. Or. Oct. 11, 2005).

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

DATED: September 12, 2019.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE